IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL WHITAKER, #48456-177, § | | |
|     Movant, § | | |
| § | | |
| v. § | CIVIL NO. 3:16-CV-2638-N-BK | |
| § | (Criminal No. 3:14-CR-342-N-1) | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Samuel Whitaker's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, it is recommended that the motion be **DENIED WITH PREJUDICE**.

**I. BACKGROUND**

Whitaker was arrested for dealing drugs. In post-arrest interviews, he admitted that he had been selling one kilogram of cocaine per week for the six weeks prior to his arrest. *See* Crim. Doc. 77-1 at 9. He later pleaded guilty to conspiracy to distribute a controlled substance. Crim. Doc. 91.

Whitaker's Presentence Report ("PSR") held him accountable for six kilograms of cocaine—the amount he admitted to selling in the weeks leading up to his arrest. *See* Crim. Doc. 77-1 at 9. The Court adopted the PSR and sentenced Whitaker to 109 months in prison, to be served consecutive to any sentence imposed in his parallel state proceedings. *See* Crim. Doc. 91. He did not appeal.

Whitaker now claims that his counsel should have objected to the Court's determination that he was responsible for selling six kilograms of cocaine. *See* Doc. 1 at 4. He also claims that

the Court erred in imposing a longer prison sentence on him than on his codefendant, Samuel Clewis. *See* Doc. 1 at 5.

## II. ANALYSIS

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding, including sentencing. *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To obtain post-conviction relief on his ineffective assistance of counsel claim, Whitaker must satisfy the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He must show that his counsel's performance fell below an objective standard of reasonable professional service, and that counsel's substandard performance caused him prejudice. *See id.* at 687, 691-92.

Whitaker asserts that Clewis successfully objected to his PSR's determination of relevant conduct and thus received a shorter prison sentence than Whitaker. Whitaker reasons, therefore, that his counsel was ineffective for failing to raise the same objection as Clewis. *See* Doc. 1 at 4 ("We pleaded guilty to the same charge, there was nothing different about case, but my lawyer didn't object to the relevant conduct and [Clewis] received less time than me because of that decision.").

Whitaker's argument lacks merit. Clewis was one of several people who bought portions of the six kilograms of cocaine that Whitaker admitted to selling; Clewis objected to being held accountable for all of that cocaine because some of it was sold to others. *See* Crim. Doc. 101-1 (accepting Clewis's objection because "Whitaker admitted he also sold narcotics to other individuals, besides [Clewis]"). Clewis's objection to his PSR's determination of relevant conduct, of course, would not help Whitaker. Whitaker admitted that he sold at least six kilograms of cocaine, so he was properly held responsible for selling that amount of cocaine.

*See* U.S.S.G. §§ 1B1.3, 2D1.1.  As such, his counsel was not ineffective for failing argue otherwise.

Whitaker's related claim—that the Court erred in assessing different relevant conduct to Whitaker and to Clewis—fails for at least two reasons.  First, the claim patently lacks merit.  As discussed above, the Court properly held Whitaker accountable for the cocaine that he admitted to selling.  Second, and more fundamentally, Whitaker's direct attack on the Court's guidelines calculations is not cognizable in this § 2255 proceeding.  "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in [Section] 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citation omitted).  Whitaker cannot succeed here on a claim that his relevant conduct was overrepresented in the Court's calculation of his Guidelines range.  *See, e.g., Fisher v. United States*, No. 4:17-cv-50, 2017 WL 3781855, at *2 (E.D. Tex. July 13, 2017), rec. adopted 2017 WL 3725295 (E.D. Tex. Aug. 28, 2017) ("[T]he technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings."); *see also Reeves v. United States*, No. 4:17-cv-268-O, Dkt. No. 3 at 3 (N.D. Tex. Dec. 4, 2017) (same).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DENIED WITH PREJUDICE.**

**SIGNED** June 21, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and specify where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE